# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2815

_____

American Home Assurance Company,    *
                              *

         Plaintiff - Appellee,    *

                              *    Appeal from the United States
     v.                        *    District Court for the Western
                              *    District of Missouri.

Kelly Pope,    *

                              *

         Defendant - Appellant,    *

                              *

Donna Strnad, defendant ad litem    *
appointed as legal representative of    *
Bruce N. Strnad, Ph.D a deceased    *
individual and psychologist d/b/a    *
Columbia Psychological Associates;    *
C. Robert Buckley, defendant ad litem    *
for Bruce Strnad, deceased,    *

                              *

         Defendants.    *

_____

No. 03-2816

_____

American Home Assurance Company,    *
                              *

         Plaintiff - Appellee,    *

                              *

     v.                        *

                              *

Kelly Pope; Donna Strnad, defendant    *
ad litem appointed as legal    *
representative of Bruce N. Strnad, Ph.D   *
a deceased individual and psychologist   *
d/b/a/ Columbia Psychological    *
Associates,    *
   *
         Defendants,    *
   *
C. Robert Buckley, defendant ad litem   *
for Bruce Strnad, deceased,    *
   *
         Defendant - Appellant.    *

_____

Submitted:  January 16, 2004

Filed:  March 11, 2004
_____

Before MELLOY, BRIGHT, and HANSEN, Circuit Judges.
_____

BRIGHT, Circuit Judge.

Kelly Pope appeals a district court's grant of summary judgment in favor of American Home Assurance Company ("American Home") on its declaratory judgment action relating to its liability insurance policy.  American Home sought a declaratory judgment that it does not have an obligation to defend, indemnify, or provide coverage to one of its insureds, Dr. Bruce Strnad, a psychologist.[1]  Kelly's state court claims against Dr. Strnad stem from Dr. Strnad's failure to inform Kelly or her mother that Kelly's father posed a future risk of sexual abuse to Kelly.

_____

[1]Dr. Strnad died before Kelly filed suit in state court.  C. Robert Buckley currently serves as defendant ad litem for Dr. Strnad.

The district court concluded that American Home's policy did not cover Dr. Strnad's behavior because the policy excluded criminal misconduct. Dr. Strnad committed a crime by failing to report Kelly's abuse to government officials under Missouri Revised Statute § 210.115. The district court held that the policy's exclusion applied to bar coverage for Kelly's claim even if authorities did not prosecute Dr. Strnad for the criminal violation.

We determine that the district court did not consider all of Kelly's claims against Dr. Strnad. Even though the policy may have excluded the coverage of the criminal misconduct claim, American Home did not show that any exclusion applied to Kelly's claim that Dr. Strnad breached a common law duty to notify any of Kelly's caregivers, including her mother, that Kelly's father posed a future risk of sexual abuse to Kelly. Thus, American Home has an obligation to provide coverage under Dr. Strnad's policy. We reverse the district court and remand for further proceedings.

I.    BACKGROUND

We construe the facts in the light most favorable to the non-movant, Kelly; however, neither party disputes the facts relevant to the appeal in this case.[2] Coleman v. Parkman, 349 F.3d 534, 536 (8th Cir. 2003).

Beginning in 1980, when Kelly was four years old, Kelly's father, Lester, sexually abused and assaulted Kelly.[3] The abuse continued until 1989, when Kelly was thirteen years old. In 1988, Nancy Pope ("Nancy"), Kelly's mother, met with Dr.

_____

[2]American Home does dispute the facts underlying its ultimate liability in the state court action. However, those issues do not bear on our conclusions in the present appeal.

[3]The relevant facts regarding Kelly's abuse can be found in Bradley v. Ray, 904 S.W.2d 302 (Mo. Ct. App. 1995).

Strnad, a psychologist, and told him Lester was sexually abusing Kelly. Nancy told Dr. Strnad not to report Lester's sexual abuse of Kelly to anyone. Dr. Strnad agreed.

In addition to counseling Nancy, Dr. Strnad agreed to counsel Lester. Lester met with Dr. Strnad on at least three occasions. Lester admitted sexually abusing Kelly to Dr. Strnad. Lester then abandoned his therapy with Dr. Strnad. Lester continued to abuse Kelly after ceasing his treatment.

In May 1999, Kelly sued Dr. Strnad and Dr. Joel S. Ray in state court.[4] As relevant to this appeal, Kelly alleged two different wrongs against Dr. Strnad. First, Kelly alleged that Dr. Strnad violated Mo. Rev. Stat. § 210.115, which makes the failure to report child abuse a misdemeanor, by failing to alert state authorities to the ongoing molestation.[5] Kelly also alleged that Dr. Strnad negligently failed to warn her or her mother of the future danger of sexual abuse to Kelly by Lester, when Lester abandoned treatment.

American Home provided professional liability insurance to Dr. Strnad. The policy insured him against liability for his "wrongful acts," defined primarily as

---

[4]Kelly argued that Dr. Ray and Dr. Strnad were partners. Dr. Ray's liability and coverage are not at issue in this appeal. We focus solely on Dr. Strnad and American Home's coverage of Dr. Strnad under the insurance policy.

[5]The Missouri statute provides, in relevant part:

> When any . . . psychologist, . . . has reasonable cause to suspect that a child has been or may be subjected to abuse or neglect or observes a child being subjected to conditions or circumstances which would reasonably result in abuse or neglect, that person shall immediately report or cause a report to be made to the division [Division of Family Services]. . .

Mo. Rev. Stat. § 210.115.

professional negligence by omission or commission. The policy excluded coverage for any "dishonest, criminal, fraudulent, or malicious act or omission." Initially, American Home conditionally agreed to represent Dr. Strnad, but later declined to further defend Dr. Strnad. Upon this denial of coverage, Kelly and Dr. Strnad entered into an agreement whereby Kelly would not seek damages against Dr. Strnad in excess of the amount of insurance coverage, if any.

In April 2002, American Home brought this declaratory judgment action against Kelly and Dr. Strnad in federal court seeking a declaration that it had no obligation to defend or indemnify Dr. Strnad. The parties filed cross-motions for summary judgment.[6] The district court initially determined that the policy coverage for "wrongful acts" applied to Kelly's allegations of negligence against Dr. Strnad. The district court then applied the "criminal act" exclusion because Dr. Strnad knowingly violated the child abuse reporting statute by not alerting state authorities of Lester's sexual abuse of Kelly. The district court did not address Kelly's claims concerning Dr. Strnad's duty to alert responsible private parties like Kelly's mother of Lester's future dangerousness for abuse after ceasing treatment. Consequently, the district court held that the policy exclusion for criminal acts barred coverage by American Home for Kelly's claims. Kelly timely appeals.

II.    ANALYSIS

We review a district court's grant of summary judgment *de novo*. Chambers v. Metropolitan Prop. & Cas. Ins. Co., 351 F.3d 848, 852 (8th Cir. 2003). This is a diversity action and thus state substantive law governs our decision. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). In this case, the parties agree that Missouri law controls. Missouri adheres to the general rule that the insured has the burden of

_____

[6]Because denial of summary judgment is not an appealable order, we review only the grant of summary judgment to American Home against Kelly.

proving that the loss and damages claimed are covered by the policy provisions, while the insurer has the burden of proving that any exclusion upon which it relies should apply. See Nat'l Union Fire Ins. Co. v. Structural Sys. Tech., Inc., 964 F.2d 759, 761 (8th Cir. 1992). In addition, "where an insured risk and an excluded risk constitute concurrent and proximate causes of an accident, a liability insurer is liable so long as one of the causes is covered by the policy." Braxton v. United States Fire Ins. Co., 651 S.W.2d 616, 619 (Mo. Ct. App. 1983).

Here, for purposes of this appeal, neither party disputes that the claim potentially falls within the policy coverage. The policy covers negligent acts or omissions, whether actual or alleged. Thus, we focus our attention on whether any of Kelly's claims lack coverage because of policy exclusions. On appeal, Kelly argues that the district court failed to distinguish between her two different causes of action or claims against Dr. Strnad.

Kelly made two allegations against Dr. Strnad. First, she alleged that he violated Missouri law by failing to report knowledge of Lester's abuse to authorities.[7] On appeal, Kelly concedes that the exclusion clause covers her allegation that Dr. Strnad violated Mo. Rev. Stat. § 210.115. However, Kelly maintains that the district court failed to consider her second claim, Dr. Strnad's common law duty to notify her (or her mother or other responsible adult) of Lester's future dangerousness since Lester had abandoned therapy and therefore remained likely to continue to abuse her.

---

[7]To the extent that Kelly asserted a private cause of action arising out of Dr. Strnad's violation of the criminal statute, Missouri has prohibited such an action. See Doe "A" v. Special Sch. Dist., 637 F. Supp. 1138, 1148 (E.D. Mo. 1986) ("[T]he Missouri child abuse reporting statute creates a duty owed to the general public, not to specific individuals, and consequently the statute does not support a private cause of action in favor of individuals.").

American Home contends that Kelly did not adequately present this claim to the district court. American Home's argument clearly lacks merit for several reasons. First, Kelly alleged this cause of action in her state court complaint. J.A. at 33-34 (Dr. Strnad "failed in [his] duty to Kelly Pope . . . (d) in negligently failing to advise and warn Kelly Pope and Nancy J. Kopin (then Pope) as her natural and lawful guardian either during or after [Dr. Strnad's] counseling of Lester N. Pope that Lester N. Pope presented an ongoing danger to Kelly Pope of continuation of the abuse and assaults by him upon her."). Second, Kelly clearly presented the issue to the district court in her brief in support of her motion for summary judgment. J.A. at 77. The district court's opinion recognized, albeit cursorily, that Kelly alleged a duty to warn her caregivers. "Kelly Pope alleges that Drs. Ray and Strnad and Columbia Psychological Associates negligently failed to warn her, or others responsible for her care, of the future danger presented to her by Lester Pope." J.A. at 427.

Finally, in its own brief, American Home appears to suggest that Kelly did raise the issue. Appellee's Br. at 18 n.8 ("In addition to alleging that Dr. Strnad intentionally and willfully failed to report Lester's sexual abuse of her to the appropriate authorities, Kelly also claimed that Dr. Strnad had failed to warn either her or others responsible for her care about Lester's propensity to abuse her both during and after counseling.") (emphasis added). Thus, American Home's argument that Kelly has waived this issue is without substance.

We now address whether the "criminal act" exclusion applies to bar coverage regarding Kelly's claim that Dr. Strnad violated a common law duty to notify private individuals of Kelly's abuse. The policy exclusion provides: "This policy does not apply: (a) to any dishonest, criminal, fraudulent or malicious act or omission." While the exclusion's language prohibits coverage for Dr. Strnad's violation of Mo. Rev. Stat. § 210.115, it does not bar coverage on the common law duty. The code section does not address the failure to warn of future dangerousness to the victim or care-giver. That section criminalizes a psychologist's failure to report to state authorities

-7-

of a suspicion that a child has been or may be subject to abuse or other serious misconduct. On appeal, Kelly is not challenging Dr. Strnad's failure to report to state authorities as excluded from policy coverage.

American Home has not cited any Missouri statute or case law making criminal the failure to warn the victim of the possibility of future abuse. Since American Home has failed to show how Dr. Strnad's failure to report the future dangerousness for abuse to Kelly or her mother should fall within the exclusion, the coverage of the policy applies. See Nat'l Union Fire Ins., 964 F.2d at 761.

Missouri in Bradley v. Ray, 904 S.W.2d 302 (Mo. Ct. App. 1995), has specifically recognized the common law duty to warn of the danger of the continuing sexual abuse of Kelly by her father. In that underlying state action, Kelly sued Drs. Strnad and Ray under several theories, including under a common law duty to warn Kelly or her mother of Lester's dangerousness. Bradley held:

> that when a psychologist or other professional knows or pursuant to the standards of the profession should have known that a patient presents a serious danger of violence to a readily identifiable victim, the psychologist has a common law duty to take such protective actions as may be reasonable under the circumstances to warn the intended victim or to communicate the existence of such danger to those likely to warn the victim, which may include notifying appropriate law enforcement authorities.

Id. at 306. The Missouri Court of Appeals distinguished the statutory obligation of psychologists under Mo. Rev. Stat. § 210.115 to notify authorities and a common law duty to take protective action to warn of such damages to proper persons. The court explained that the common law tort duty was narrower than that posed under § 210.115. Id. at 311. "We recognize a right to sue only for failure to warn of specific risks of future harm to readily identifiable victims." Id. In addition, the court

recognized that the common law duty was to "warn the intended victim or communicate the existence of such danger to those likely to warn the victim." Id. at 312. The court concluded that Drs. Strnad and Ray violated this duty because they had reason to anticipate future harm to Kelly. Id.

As we have observed, Kelly alleged two separate causes that she wanted to pursue against Dr. Strnad. The district court failed to consider Kelly's separate claim regarding Dr. Strnad's failure to warn Kelly or her mother, who was in a position to protect her daughter from further abuse. In addition, American Home received knowledge of this separate claim and failed to demonstrate that a policy exclusion applied.[8]

III.   CONCLUSION

We determine that the district court incorrectly held that policy exclusions prohibited coverage on all of Kelly's alleged claims against Dr. Strnad. We reverse the district court and remand for further proceedings consistent with this opinion.

—————————————————

---

[8]American Home also contends that even if this court remands, Kelly can never prove her allegations because Dr. Strnad's death would render the evidence of his statements inadmissible because it relates to a conversation by an interested witness with a dead man. We reject this argument. Missouri has clearly abrogated the "Dead Man's Statute." Mo. Rev. Stat. § 491.010 (abrogation of dead man's statute); In re Estate of Kling, 736 S.W.2d 65, 67 n.1 (Mo. Ct. App. 1987) (recognizing abrogation of statute); In re Estate of Erickson, 722 S.W.2d 330, 334 (Mo. Ct. App. 1986) (applying abrogation statute). Thus, evidence of Dr. Strnad's actions relating to the failure to warn Kelly or her mother of Lester's future dangerousness could be admissible.